In the Matter of STANLEY ROY ROOT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 23, 1981

### APPEARANCES OF COUNSEL

*Donald J. Klein* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Irving Anolik* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The Departmental Disciplinary Committee moves for an order vacating a stay of suspension and directing respondent Root to show cause why additional discipline should not be imposed. Respondent cross-moves to dismiss the disciplinary proceedings or for alternative relief.

On December 8, 1976, respondent was convicted of perjury in the third degree. On April 12, 1977, he was sentenced to probation for a term of three years. This court found, on August 17, 1978, that the respondent was guilty of professional misconduct and suspended him from the

practice of law for 18 months (63 AD2d 549). Respondent's original motion for a stay of the suspension was denied on November 2, 1978. On January 11, 1979, reargument was granted and the stay of the suspension was granted upon the consent of the committee.

On May 15, 1979, respondent's conviction was reversed by this court and a new trial was ordered. By order dated May 15, 1979, this court remanded the disciplinary proceeding to the committee, which was directed to report to the court within 30 days with its recommendation as to the continuance of the stay pending respondent's retrial. Pending receipt of that report, the order continued the stay. At the retrial, respondent was convicted of conspiracy in the fourth degree and perjury in the third degree on September 18, 1980. He was given an unconditional discharge on both convictions.

In view of the fact that respondent has again been convicted of "serious crimes" under section 90 (subd 4, par d) of the Judiciary Law, this court must adhere to its original order suspending him for 18 months. Because the respondent's criminal action directly interfered with the administration of justice in the court system, the motion in chief is granted to the extent of suspending him for 18 months pursuant to section 90 (subd 4, par g) of the Judiciary Law. The cross motion is denied in its entirety.

MURPHY, P. J., CARRO, MARKEWICH, SILVERMAN and BLOOM, JJ., concur.

Motion to vacate stay of suspension and for a direction to show cause why additional discipline should not be imposed granted to the extent of suspending respondent from practice as an attorney and counselor at law in the State of New York for a period of 18 months effective August 24, 1981 as indicated in the order of this court. Cross motion to dismiss, for modification or for a reference denied in all respects.